UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CR685-DJS |
| ) | |
| **JULIUS TURRENTINE,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

At the supervised release revocation hearing on February 6, 2008, the Court pronounced its ruling denying defendant's Motion to Preclude the Admission of Unreliable Hearsay Evidence. The Court here sets forth its reasoning in greater detail for the record.

By the motion, defendant challenged the reliability of the hearsay statements of Stephen Henderson implicating this defendant in controlled substance offenses. The government filed a written response to the motion setting out its opposition. Both counsel were heard further on the issue at the sentencing hearing.

Having considered the arguments of counsel, the Court permitted the government to introduce the statements of Henderson through the testimony of the case agents to whom the statements allegedly were made. The Sixth Amendment standard explored in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) does not apply to these

proceedings.  Instead, a limited due process standard applies, which requires the Court to use a balancing test, weighing defendant's right to confront a witness against the government's showing that confrontation is undesirable or impractical.  <u>United States v. Ray</u>, 530 F.3d 666, 668 (8th Cir. 2008).

The Court was and is persuaded that confrontation of Henderson as a live witness was impractical, and that defendant's limited confrontation right is outweighed as a result.  Henderson is currently undergoing a psychiatric evaluation ordered by another judge of this Court in the new criminal case in which Henderson and Turrentine are co-defendants.  Henderson's competency as a witness at this time is therefore uncertain.

Were Henderson subpoenaed to testify at the revocation hearing, the likelihood that he would do so without invocation of his Fifth Amendment Rights is very slim, in the Court's view, given that he continues to face prosecution in the other case.  As both parties noted in their arguments, Henderson most recently has taken a position recanting his earlier statements implicating himself and Turrentine in drug trafficking.  Even were Henderson found to be competent to testify at this time and willing to do so without invocation of the Fifth Amendment, any testimony contrary to the earlier incriminating hearsay statements would in any event open the way for the government to introduce the hearsay by way of impeachment.

All these considerations support the Court's conclusion

that the impracticality of Henderson giving live testimony outweighs defendant's limited due process right to confront him as a witness. Furthermore, in terms of the balance of the entire record made before the Court at the revocation hearing, the defense ably made a record of reasons for doubting Henderson's statements, all of which the Court took into consideration when weighing the testimony offered about Henderson's statements in the past.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion to Preclude the Admission of Unreliable Hearsay Evidence [Doc. #14] is denied.

Dated this __9th__ day of February, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE